**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **DEMETRIUS HALL,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: PWG-14-944** |
| | * | |
| **JULIO JAVIER MORALES,** *et al.*, | * | |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION[1]

Plaintiff filed this action in state court four days shy of the statute of limitations, but did not serve Defendants until several months later, after he was warned by the court that the failure to effect service could subject this case to dismissal. Plaintiff moved to delay the dismissal and requested the issuance of new summonses, both of which were granted. Plaintiff then served Defendants, who promptly removed to this Court. Defendants seek to dismiss this case under Maryland Rule 2-507(b) because of Plaintiff's delay in effecting service. Because I find that the state court granted Plaintiff an extension of time to serve Defendants, and that Plaintiff then timely served Defendants before the extended deadline, I deny the motion.

---

[1] This Memorandum Opinion disposes of Defendants Julio Javier Morales and Penske Truck Leasing Co., Limited Partnership's Motion to Dismiss or in the Alternative for Summary Judgment ("Defs.' Mot."), ECF No. 8, Plaintiff Demetrius Hall's Opposition ("Pl.'s Opp'n"), ECF No. 11, and Defendants' Reply ("Defs.' Reply"), ECF No. 12.

## I.      BACKGROUND

This civil action arises out of a motor vehicle collision (the "Collision") in Laurel, Maryland on August 27, 2010, in which a vehicle allegedly driven by Defendant Julio Javier Morales collided with a vehicle being driven by Plaintiff Demetrius Hall, causing injuries to Hall.  Compl. ¶¶ 1–5, ECF No. 2.  At the time of the Collision, the vehicle driven by Morales was owned by Defendant Penske Truck Leasing Co., L.P. ("Penske Leasing"), and Morales was acting as an agent of an unknown company sued under the fictitious name of John Doe Co. ("Doe Co.").  Compl. ¶¶ 10, 15.  In an affidavit affixed to his motion to dismiss, Morales identifies his employer at the time as Penske Logistics, LLC ("Penske Logistics").  Morales Aff. ¶ 3, Defs.' Mot. to Dismiss or in the Alternative for Summ. J. Ex. 4, ECF No. 8-4.

On August 23, 2013—two years and 361 days after the Collision, *see* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (three-year statute of limitations for civil actions)—Hall filed his three-count complaint in the Circuit Court for Prince George's County alleging (I) negligence by Morales; (II) vicarious liability against Doe Co.; and (III) vicarious liability against Penske Leasing.  Compl.  The Clerk of the Circuit Court issued summonses for both named Defendants, Morales Summons, Pl.'s R. 103.5 Cert. Ex. 3, ECF No. 10-3; Penske Leasing Summons, Pl.'s R. 103.5 Cert. Ex. 4, ECF No. 10-4, but those summonses never were served, Opp'n to Def.'s Mot. to Dismiss or in the Alternative for Summ. J., and Other Relief ("Def.'s Opp'n") ¶ 2, ECF No. 11.  It does not appear that Hall or his counsel took any action at all with respect to this case between issuance of the summonses in August 2013 and February 2014.

On January 29, 2014, the Clerk of the Circuit Court sent Plaintiff's counsel a Notification to Parties of Contemplated Dismissal, advising him that, unless a motion showing good cause was filed within thirty days, this case would be dismissed pursuant to Maryland Rule 2-507(b)

for failure to effect service within 120 days of filing the complaint.  Notification to Parties of Contemplated Dismissal, Pl.'s R. 103.5 Cert. Ex. 5, ECF No. 10-5.  One week later, on February 6, 2014, Hall filed a Motion to Defer Entry of Dismissal and Other Relief, Pl.'s 103.5 Cert. Ex. 6, ECF No. 10-6, in the circuit court along with a Line, Pl.'s 103.5 Cert. Ex. 7, ECF No. 10-7, seeking reissuance of the summonses for Morales and Penske Leasing.  New summonses were issued that same day.  2d Morales Summons, Pl.'s 103.5 Cert. Ex. 8, ECF No. 10-8; 2d Penske Leasing Summons, Pl.'s 103.5 Cert. Ex. 9, ECF No. 10-9.

Defendants were served with process by certified mail on February 24, 2014.  Notice of Removal ¶ 1, ECF No. 1.  On March 12, 2014, an order was entered in the circuit court deferring dismissal of this case, setting a status hearing for late April 2014, and advising counsel that "[i]f counsel gets service and an answer is filed, plaintiff may write [Civil Coordinating Judge Leo E. Green, Jr.] to take the matter off the docket for the April hearing date."  Mem. and Order of the Court, Pl.'s R. 103.5 Cert. Ex. 11, ECF No. 10-11.

On March 26, 2014, Defendants removed to this Court, Notice of Removal, and on April 1, 2014, they filed their Motion to Dismiss or in the Alternative for Summary Judgment ("Defs.' Mot."), ECF No. 8.[2]  Hall filed his opposition on April 29, 2014, Pl.'s Opp'n—outside of the time provided by Local Rule 105.2(a)[3]—and Defendants have replied, Defs.' Reply to Pl.'s

---

[2] Because Hall consents to the dismissal of Penske Leasing, *see infra*, which is the only issue on which Defendants seek summary judgment, I need not consider whether to convert this motion to one for summary judgment under Fed. R. Civ. P. 12(d).

[3] Plaintiff has not sought to extend the time to file his opposition as he is required to do under Fed. R. Civ. P. 6(b)(1)(B) and, because the time to file his opposition already has expired, it is not clear that it may be extended *sua sponte* under Rule 6.  Plaintiff's continued disregard of deadlines—particularly in the context of a motion that alleges Plaintiff's lack of diligence in prosecuting this action—is concerning.  However, because Defendants have not moved to strike Plaintiff's Opposition and, in any event, treating a motion to dismiss as unopposed based upon a delay in filing of less than two weeks would be harsh medicine, I will consider Plaintiff's

Opp'n to Defs.' Mot. to Dismiss or in the Alternative for Summ. J. ("Pl.'s Reply"), ECF No. 12.

Having reviewed the filings, I find a hearing is not required.  Loc. R. 105.6.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

That said, "'factual allegations must be enough to raise a right to relief above a speculative level.'"  *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545).  Particularly, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286

Opposition.   However, Plaintiff's counsel is advised that the patience of the Court is not inexhaustible.

(1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Additionally, a plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense").

## III.   DISCUSSION

### A.  Defendants' Motion to Dismiss

Defendants argue that this case should be dismissed as a result of Hall's unexcused delay in serving them with process.  It is "well-settled that state law governs the sufficiency and service of process before removal." *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) (citations omitted).  According to Defendants, dismissal is required by Maryland Rule 2-507(b), which says:

> **(b) For Lack of Jurisdiction.** An action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant.

Md. Rule 2-507(b).

However, Rule 2-507(b) is not self-executing; it goes on to provide:

> **(d) Notification of Contemplated Dismissal.** When an action is subject to dismissal pursuant to this rule, the clerk, upon written request of a party or upon the clerk's own initiative, shall serve a notice on all parties pursuant to Rule 1-321 that an order of dismissal for lack of jurisdiction or prosecution will be entered after the expiration of 30 days unless a motion is filed under section (e) of this Rule.
> **(e) Deferral of Dismissal.** On motion filed at any time before 30 days after service of the notice, the court for good cause shown may defer entry of the order of dismissal for the period and on the terms it deems proper.

Md. Rule 2-507.

After he received notice from the circuit court of the contemplated dismissal, Hall promptly filed a motion under Md. Rule 2-507(e), *see* Pl.'s Mot. to Defer Entry of Dismissal and Other Relief, and the circuit court granted the motion, providing Hall with additional time in which to serve Defendants and setting the case in for further proceedings in the event that service was not effected, Mem. and Order of the Court, ECF No. 10-11.  Defendants argue that they have been prejudiced by the delay in service that resulted in their being haled into court several months after they thought that the statute of limitations had run on Hall's cause of action, Pl.'s Mot. 10, and that Plaintiff had cited no "substantial and/or reasonable explanation or excuse for the lack of diligence" in effective service, *id.*  True though this may be, "under Rule 2-507 ('Dismissal for lack of jurisdiction or prosecution'), the decision to grant or deny the dismissal is committed to the sound discretion of the trial court," *Reed v. Cagan*, 739 A.2d 932, 935 (Md. Ct. Spec. App. 1999) (citing *Powell v. Gutierrez*, 529 A.2d 352 (Md. 1987)), and the circuit court already exercised that discretion to delay dismissal of this case in order to provide Hall with additional time to serve Defendants.  I will not second-guess that decision here.

In any event, "Rule 2-507 was [not] promulgated to penalize plaintiffs for having lax attorneys.  [Its] primary focus was on pruning the docket of dead cases.  A dead case is one in which neither party demonstrates an interest in having the issue resolved."  *Powell*, 529 A.2d at 355.  Though Plaintiff's delay certainly is not to be commended, "our concern with expeditious case management should not blind us to the true goal of our system, which is to provide a fair determination of legitimate issues brought before us."  *Id.* at 356.  Once contacted by the circuit court, Plaintiff's counsel acted quickly to prevent dismissal of this case and acquire jurisdiction over Defendants.  Because the Circuit Court for Prince George's County already had declined to

dismiss this case under Md. Rule 2-507(b) for failure to effect service in a timely fashion, Defendants' motion to dismiss on that basis must be denied.

Defendants also seek dismissal of Hall's claim against Penske Leasing.  Defs.' Mot. 11–13.  "Plaintiff consents to the dismissal of Defendant Penske Truck Leasing Co., Limited Partnership from the instant action."  Pl.'s Opp'n ¶ 15.  Accordingly, Defendants' Motion will be granted with respect to Penske Leasing.

### B.  Amendment of the Complaint

In Plaintiff's Opposition, Hall has requested leave to amend his complaint to name Penske Logistics as Morales's employer in lieu of Doe Co.  Pl.'s Opp'n ¶ 16.  "Although Fed. R. Civ. P. 15 does not expressly require a motion before the court may grant leave to amend a pleading, Fed. R. Civ. P. 7(b)(1) clearly states that '[a] request for a court order must be made by motion.'"  *Craig v. Melwood Horticultural Training Ctr., Inc.*, No. PWG-13-2742, 2014 WL 3547341, at *5 (D. Md. July 16, 2014) (emendation in original).  Moreover, Hall has not complied with the provisions of Local Rule 103.6: he has not provided a proposed amended complaint or a redline, nor has he indicated that he sought the consent of opposing counsel. Simply, Hall has not properly sought leave to amend and, because it does not appear likely that amendment would be proper in any event, I decline to grant leave *sua sponte*.

Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave [to amend] when justice so requires."  The Fourth Circuit has explained that leave to amend should be denied "'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'"  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Here, Hall seeks to add Penske Logistics as a new defendant over a year after the statute of limitations expired on August 27, 2013.  Fed. R. Civ. P. 15(c)(1) provides, in relevant part:

> An amendment to a pleading relates back to the date of the original pleading when[, *inter alia*,]:
> . . . .
> **(B)**    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out in the original pleading; or
> **(C)**    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > **(i)**    received such notice of the action that it will not be prejudiced in defending on the merits; and
> > **(ii)**    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

There is no question that the time for Hall to effect service now has expired, whether measured under Md. Rule 2-113 or Fed. R. Civ. P. 4(m).  And even if Penske Logistics previously had received notice, it is unlikely that Hall could satisfy the requirement of Rule 15(c)(1)(C)(ii).  The Fourth Circuit has "distinguished between mistake due to a lack of knowledge and mistake due to a misnomer.  In so doing, [it has] not viewed lack of knowledge of the proper party to be sued as a 'mistake' as that term is used in Rule 15(c)(3)(B)." *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006).  If Hall believes that he has a good faith basis to argue that he is entitled to amend his complaint and could obtain jurisdiction over Penske Logistics, he will need to present that argument in a fully briefed motion and not in a single paragraph in an unrelated memorandum of law.  But because it appears unlikely that Hall could assert a timely claim against Penske Logistics in any event, I will not allow him to amend his complaint absent a motion demonstrating that an amendment would not be futile.

**IV.    CONCLUSION**

For the aforementioned reasons, Defendants Julio Javier Morales and Penske Truck Leasing Co., L.P.'s Motion to Dismiss or in the Alternative for Summary Judgment will be GRANTED with respect to Penske Truck Leasing Co., L.P., and otherwise DENIED.

A separate order will issue.

Dated: <u>December 16, 2014</u>                              <u>            /S/                </u>
                                                              Paul W. Grimm
                                                              United States District Judge

dsy